IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


STACY ELDRIDGE,

        Plaintiff;

    vs.                                                                                          No. CIV 98-373 LH/RLP

THE MILLERS GROUP, a
foreign insurance corporation

        Defendant/Counterclaimant/Plaintiff;

    vs.

STACY ELDRIDGE,

        Counterdefendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Remand (Docket No. 5). The Court, having considered the pleadings submitted by both parties, as well as the state court record, finds that Plaintiff's motion is not well taken and will be **DENIED**.

On July 14, 1997, plaintiff Stacy Eldridge filed his Complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico, naming as defendants The Millers Group, a Texas corporation, and Cress Insurance Consultants, Inc., a New Mexico Corporation. On December 24, 1997, Plaintiff filed a Motion for Partial Summary Judgment, and the Millers Group filed a Motion for Summary Judgment on Plaintiff's claims on January 6, 1998. A second Motion for Summary Judgment was filed by the Plaintiff on January 23, 1998. Defendant Cress

Insurance did not file a motion for summary judgment and did not participate in the briefing of the other motions.

In February 1998, the Honorable Robert H. Scott, state district court judge, signed a stipulated Order of Dismissal as to Defendant Cress Insurance, a non-diverse defendant. The order was filed on February 10, 1998, but it was not presented by the court or by Plaintiff's counsel to Millers Group for approval as required by New Mexico, Rules 1-041(A) and 1-058(C), N.M.R.A. 1997. The Millers Group did not learn of Cress Insurance's dismissal until its counsel was informed by attorney Norman Weiss, the court appointed settlement facilitator, on March 26, 1998. On March 27, 1998, the Millers Group filed its Notice of Removal of Civil Action in this Court alleging diversity jurisdiction under 28 U.S.C. § 1332. Defendant Ed Hoskins was dismissed without prejudice by this Court on May 4, 1998.[1]

Plaintiff argues that this case must be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico, for three reasons. First, he argues that removal is improper because the Millers Group filed its notice of removal more than thirty days after the Order of Dismissal. Second, he alleges that the removal proceeding is defective because Plaintiff did not voluntarily dismiss Defendant Cress from the action. Third, Plaintiff contends the Millers Group's actions in state court constitute a waiver of the right to remove.

Plaintiff claims that the law is clear that the notice of removal of a civil action or proceeding must be filed within 30 days from the time it can first be ascertained that the case is removable. The removal statute provides:

---

[1] An Order of Dismissal Without Prejudice (Docket No. 9) was filed May 4, 1998.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action.

28 U.S.C. § 1446(b)(1993). Plaintiff argues that it was first ascertainable that the case was removable on February 10, 1998, the day that the Order of Dismissal was filed, and that the Millers Group did not file its Notice of Removal until March 26, 1998, more than 30 days later.

The Millers Group correctly asserts that the courts that have interpreted this statute have enforced the plain language of the statute, triggering the thirty-day period from the date of "receipt by the defendant" of the document from which it may be ascertained that the case has become removable. *Davis v. Crysler Corp.*, 950 F. Supp. 327 (N.D. Ala. 1997). In *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979), the Court reasoned that "the plain purpose of the rule is . . . to permit the removal period to start only after the defendant is able to ascertain intelligently that the requisites of removability are present." The Eleventh Circuit stated in *Lazuka v. FDIC*, 931 F.2d 1530 (11th Cir. 1991), that the 30 day period begins to run "as soon as the defendant receives some written notice that the case against it is removable."

In this case, the Millers Group claims that the Order of Dismissal was not served upon it and that it did not have knowledge of the dismissal until March 26, 1998. The state court record confirms this contention. The thirty day period did not begin until the Millers Group received the Certificate of Mailing signed by counsel for Defendant Cress certifying that on March 26, 1998, he mailed an endorsed copy of the Order of Dismissal to the Millers Group. Such a conclusion is

consistent with notions of fairness and due process, and the failure of the court and other parties to notify the Millers Group should not bar it from exercising its statutory right of removal. For these reasons, I conclude that the Notice of Removal was timely filed.

Plaintiff next contends that the dismissal of the non-diverse defendant, Cress Insurance, was not voluntary. The Tenth Circuit Court of Appeals adopted the voluntary-involuntary test for determining removability in *DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir. 1979). What it requires is a voluntary act of the plaintiff that effects a change rendering a case subject to removal that had not been removable before the change. The Court concluded that where the defendant is engaged in manipulation in order to gain the removal, the §1446 amendment cannot operate to bring about a removal. The Court noted that where the plaintiff changes the situation by voluntary action, such as dismissing a non-diverse defendant to bring about a diversity situation, the statute does not apply. *Id*. at 487. If the federal jurisdiction results from something other than a voluntary act of the plaintiff, such as a directed verdict, the case is no longer removable. *Id.* In the instant case, the dismissal of the non-diverse defendant, Cress Insurance, was brought about by a voluntary stipulation between Plaintiff and Cress Insurance. I conclude that this voluntary act of the Plaintiff triggered the Millers Group's statutory right to remove the case to this court pursuant to 28 U.S.C. § 1446(b).

Lastly, the Plaintiff argues that the Millers Group waived its right to remove by its actions in state court. The right to remove a case to federal court may be waived by acts taken in the state court, subsequent to the creation of the right to remove, that indicate the defendant has invoked the jurisdiction of the state court. *See* 1A J.MOORE & B. RINGLE, MOORE'S FEDERAL PRACTICE, ¶ 0.157[9] (2d ed. 1995). Also, a defendant will be deemed to have waived the right

of removal where the removal is, in essence, an appeal from an adverse ruling of the state court. *See e.g. Bolivar Sand Co. v. Allied Equipment*, 631 F.Supp. 171, 173 (W.D. Tenn. 1986). Plaintiff asserts that it is clear that the Millers Group removed this action anticipating and expecting that this Court will reverse the ruling of the state court judge denying their Motion for Summary Judgment and that the Millers Group should not be able to invoke its right to remove.

As a general rule, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Beighley v. Federal Deposit Ins. Corp.*, 868 F.2d 776, 782 (5th Cir. 1989). In order for a court to make a ruling to remove, it must find that the Defendant "clearly and unequivocally intended to waive the right to remove and to submit to the state's jurisdiction." *Fain v. Biltmore Securities, Inc.*, 166 F.R.D. 39 (M.D. Ala. 1996). Two factors that were used by the *Fain* Court in determining whether the right to remove a case to federal court has been waived are: 1) whether the actions taken by the Defendants in the state court were for the purpose of preserving the status quo, or did they manifest an intent to litigate on the merits in state court; and, 2) whether the removal can be characterized as an appeal from an adverse judgment of the state court. Here, the defendant could not have waived its right to remove once the Millers Group found out about the Order of Dismissal on March 26, 1998, it took no further action in the state court and acted promptly to exercise its right to remove this case. Its actions in defending prior to removal do not constitute a waiver of its right under these circumstances.

**IT IS THEREFORE ORDERED**  that the Plaintiff's motion for remand is **denied**.

_____
UNITED STATES DISTRICT JUDGE