**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STACY ELDRIDGE,

Plaintiff,

vs. No. CIV 98-0373 LH/RP

THE MILLERS GROUP, a
foreign insurance corporation

Defendant/Counterclaimant/Plaintiff,

vs.

STACY ELDRIDGE,

Counterdefendant,

and

ED HOSKINS,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant The Millers Group's Motion for Reconsideration (Docket No. 10) and Plaintiff Stacy Eldridge's Motion for Summary Judgment (Docket No. 18). For the reasons set forth below, both motions shall be **denied**. Furthermore, for the reasons stated, summary judgment shall be granted to Defendant The Millers Group as to Count I of the Complaint.

**Motion for Reconsideration**

The Complaint in this matter was removed to this Court from state district court on March 27, 1998. Much of the procedural history of this case is set forth in a memorandum opinion and order filed by this Court on July 29, 1998 (Docket No. 15). That opinion did not discuss the March 1998 state court letter decision of the Honorable Robert H. Scott, that stated in pertinent part as follows:

> Dear Counsel:
>
> On March 17, 1998, I heard argument as to the following Motions:
>
> 1. Plaintiff's Motion for Summary Judgment;
> 2. Plaintiff's Second Motion for Summary Judgment;
> 3. Defendant Hoskins' Motion for Partial Summary Judgment;
> 4. Defendant Millers Group's Motion for Summary Judgment.
>
> After consideration of the pleadings on file in the above-captioned cause, the arguments and authority raised and cited by the respective parties, the Court enters the following decisions:
>
> — Plaintiff's Motion for Summary Judgment is granted;
> — Defendant Hoskins' Motion for Partial Summary Judgment is granted;
> — Defendant Millers Group's Motion for Summary Judgment is denied.
>
> In granting the two Motions, I will not encumber this letter with explanation, except to say that I have relied upon and adopted the arguments and authority of Movants.
>
> I ask that Mr. Harada and Mr. Rawley prepare the necessary and appropriate forms of Order and circulate the same to Mr. Lewis for his approval as to form.
>
> . . . .
>
> Sincerely,
>
> Robert H. Scott
> District Court Judge

No order or judgment relating to this letter decision was entered in state court prior to removal to this Court on March 27, 1998.

The Millers Group argues that the above-mentioned letter decision is a non-final ruling under FED.R.CIV.P. 54(B), subject to reconsideration, and that the result it proposes is contrary to New Mexico law.

The reason that this motion to reconsider is denied is because there is nothing in the record legally worthy of reconsideration. Plaintiff is correct in arguing that an order or judgment must be entered before a motion for reconsideration can properly lie. New Mexico appellate courts have refused to construe letters such as this one, written by district court judges, as orders or judgments. "To construe such a document as an order or judgment would destroy common expectations of the legal community and generate substantial confusion." *High Ridge Hinkle Joint Venture v. Albuquerque*, 119 N.M. 29, 37 (Ct. App. 1994). *See also Bouldin v. Bruce M. Bernard, Inc.*, 78 N.M. 188 (1967)(holding that an oral ruling by a trial judge is not a final judgment but merely evidence of what the court had decided to do — a decision that the trial court can change at any time before the entry of a final judgment).

Because there is no order or judgment in effect to reconsider, The Millers Group's motion shall be **denied**.

**Motion for Summary Judgment**

In this motion, Plaintiff asks this Court to give effect to Judge Scott's letter decision, citing as grounds 28 U.S.C. § 1738 and the doctrines of res judicata and federalism. Further, Plaintiff argues that this letter was a final decision on the merits and that The Millers Group has already had

a full and fair opportunity to litigate the issues at hand. As set forth in detail above, Judge Scott's letter decision is entitled to no binding legal effect and for that reason, none of Plaintiff's arguments is of any avail. For this reason, Plaintiff's motion shall be **denied**.

**Declaratory Judgment on Stacking Issue**

Ordinarily this Court takes a case on removal as the case stood in state court; orders previously entered will be presumed valid. *See General Investment Co. v. Lake Shore Railway*, 260 U.S. 261, 288 (1922).[1] Under the current circumstances however, as explained above, this Court cannot impute any binding legal effect whatsoever to Judge Scott's letter.

Even if there were a valid order in the record, it is well settled that interlocutory judgments, orders or decrees of the state court may be modified, opened or set aside by the federal court after removal. *Id*.; *Coyle v. Skirvin*, 124 F.2d 934 (10th Cir.), *cert. denied*, 316 U.S. 673 (1942). Federal courts may, under certain circumstances, overrule a state court's decision on summary judgment after the case is removed to federal jurisdiction. *See Core v. Southwestern Bell Telephone Co*., 673 F. Supp. 974 (W.D.Ark. 1987). In *Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74 (9th Cir. 1979), the Court analogized such a situation to one in which a second federal judge is assigned a case in which a prior federal judge had entered an interim summary judgment order, where the second judge may reach the opposite conclusion if he is firmly convinced that an error of law was committed by the first judge. *Id*. at 79.

---

[1] Even though state court orders are not conclusive, they do remain binding on the federal court until set aside. 14A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS § 3738 AT 565. Upon removal of an action, prior rulings by the state court are reviewable "de novo" by the federal court hearing the matter. *Id*.

As noted by the Ninth Circuit in *Castner v. First National Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960):

> Under such circumstances, we feel that there is no abuse of discretion in overruling the prior judge. The second judge must conscientiously carry out his judicial function. ... He is not doing this if he permits what he believes to be a prior erroneous ruling to control the case. He can settle the questions presently without compelling the parties to proceed with what may be a futile and expensive trial. We think these are cogent reasons and exceptional circumstances which justify a departure from the rule of comity within the permissible limits of judicial discretion.

While this Court prefers to give deference to the reasoning of state court judges following removal, I cannot do so in this instance given my lack of understanding or agreement in the result reached by Judge Scott. As set forth below, I conclude that Judge Scott's letter decision dictates a result that is contrary to New Mexico law which precludes me from adopting his stated position. I believe the decision contained herein is justified because it should obviate the need for an appeal from an otherwise erroneous decision. To conscientiously carry out my judicial function, I must depart from the usual rule of comity and make an independent decision on the merits.

Count I of the Complaint seeks a declaratory judgment that the uninsured motorists coverage under the Policy may be stacked. This Court has reviewed the still-unresolved motions, originally filed in state court, in reaching the conclusion that Defendant The Millers Group's January 7, 1998 motion for summary judgment shall be granted. Under the clear and unambiguous language of the Policy, Eldridge and Hoskins shall not be allowed to stack the uninsured motorists coverage of that Policy.

The Millers Group issued a Business Auto Policy (" the Policy") to HiSec, Inc., which provided for uninsured motorist coverage with limits of $300,000 for each accident. HiSec, Inc. is the "named insured" under the Policy. The Policy was in effect on September 17, 1996. On that day,

Eldridge and Hoskins occupied a vehicle owned by their employer, HiSec, Inc., and collided with a vehicle driven by an uninsured motorist. The amount The Millers Group contends is their total liability has been disbursed: $190,000 to Eldridge and $110,000 to Hoskins, through an interpleader action filed by The Millers Group. Eldridge and Hoskins claim that they are entitled to stack the $300,000 each accident limit because additional vehicles were insured under the Millers Policy issued to HiSec, Inc.

It is undisputed, for purposes of the stacking issue motions, that Eldridge and Hoskins are Class 2 insureds under the policy.[2]

Under business automobile insurance policies, generally only Class 1 insureds are allowed to stack uninsured motorist benefits, unless the policy language is ambiguous and the premium-paying insured intended for its Class 2 employees to be able to stack under a third-party beneficiary theory. *See Jaramillo v. Providence Wash. Ins. Co.*, 117 N.M. 337 (1994).

I find no ambiguity in this policy. Eldridge and Hoskins claim that despite their Class 2 status, they are entitled to stack uninsured motorist benefits in a situation such as this where a Class 1 insured suffers property damage and a Class 2 insured suffers bodily injury. This is inaccurate for two reasons: first of all no Class 1 insured has suffered property damage. In this instance, as the owner of the vehicle, it was the corporation that suffered property damage, and it is not a Class 1 insured.[3] Secondly, the plain language of the policy strictly prohibits Class 2 insureds from stacking under any circumstances.

---

[2] This fact is admitted by Eldridge and Hoskins. (Eldridge's Memorandum In Support of Motion for Partial Summary Judgment, filed 12/2497, Undisputed Fact No. 26; Hoskins' Memorandum In Support of Motion for Partial Summary Judgment, filed 1/16/98 ¶¶ 1,4-5).

[3] The only Class 1 insureds under the Policy are Steve and Betty Highland, who suffered no damage in the accident.

Because I consider the policy to be unambiguous, I will not consider any extrinsic evidence in the interpretation of the insurance contract. I conclude that the Policy unambiguously prohibits stacking by employees as Class 2 insureds. Eldridge and Hoskins shall not be allowed to stack. There being no disputed issues of material fact, I hereby grant summary judgment to The Millers Group on Count I of the Complaint. I find no violation of public policy in reaching this conclusion.

Eldridge and Hoskins shall notify the Court in writing within fifteen (15) days after the entry of this Memorandum Opinion and Order, as to whether or not the claims contained in Counts II-IX remain at issue or whether they have been resolved by way of the interpleader action and/or by this memorandum opinion and order.

**WHEREFORE** it is ordered that summary judgment is hereby granted to The Millers Group on Count I of the Complaint.

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**